UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEAGUE TO SAVE LAKE TAHOE
and SIERRA CLUB,

       Plaintiffs,

    v.

TAHOE REGIONAL PLANNING
AGENCY,

       Defendant.
                               /

NO. CIV. S-08-2828 LKK/GGH

O R D E R

Defendant has filed a Rule 59(e) motion to alter or amend the judgment of this court issued on September 16, 2010 (ECF No. 118). In that judgment, the court vacated Tahoe Regional Planning Agency Ordinance number 2008 - 10, adopted October 22, 2008, the Shorezone Amendments adopted at that time, the certification of the Environmental Impact Statement, and all findings based thereon. The court remanded the matter to defendant Tahoe Regional Planning Agency for further proceedings consistent with the order. The defendant timely filed a Rule 59(e) motion. For the reasons stated herein, the defendant's motion is DENIED.

## I. Background

In 1968, California and Nevada entered into the Tahoe Regional Planning Compact, approved by Congress the following year. The Compact was amended in 1980 "to increase the level of environmental protection for the [Lake Tahoe] Basin as a whole." Tahoe-Sierra Pre. Concil, Inv v. TRPA, 322 F. 3d 1064, 1071 (9th Cir. 2003). The Compact, as amended, directed the Tahoe Regional Planning Agency ("TRPA") to develop "thresholds," or environmental standards "necessary to maintain a significant scenic, recreational, educational, scientific or natural value of the region or to maintain public health and safety within the region." Compact art. II(I). The TRPA regulates the region by promulgating rules and plans, including a Regional Plan adopted in 1987 and implemented by the TRPA's Code of Ordinances and Rules of Procedure. The TRPA also regulates on a project-specific basis. Before approving specific projects, the TRPA must prepare an environmental impact statement ("EIS"). Compact art. VII(a)(2). A project cannot be approved unless either "changes or alterations" have reduced the "significant adverse environmental effects to a less than significant level" or the agency determines that mitigation is "infeasible." Compact art. VII(d)(1) and (2).

In 2008, the TRPA adopted the Shorezone Amendments, which included provisions regarding piers, buoys, and other boating facilities. Before adopting the amendments, the TRPA prepared an EIS, which concluded that the amendments included mitigation measures that would mitigate negative environmental impacts to a

"less than significant" level. Relying on the EIS, the TRPA concluded that the Amendments satisfied the obligation to maintain and achieve thresholds. Plaintiffs in this case challenged the Amendments, arguing that TRPA's conclusions were arbitrary and capricious, and relatedly, that the TRPA's actions violated the Clean Water Act.

This court agreed that TRPA's conclusions that the Amendments satisfied TRPA's obligation to maintain and achieve thresholds, and that the Amendments' adverse impacts were mitigated to a "less than significant' level were arbitrary and capricious. The court also agreed that TRPA's conclusion that the Amendments comport with the Clean Water Act was arbitrary and capricious. Order at 10, ECF No. 118. In so doing, the court held that the EIS had improperly included existing unpermitted buoys as part of the 'baseline' environmental conditions to which the environmental impact of the Amendments were compared. The court vacated TRPA Ordinance number 2008 - 10, adopted October 22, 1008, the Shorezone Amendments adopted at that time, the certification of the EIS, and all findings based thereon.

Defendants now move to alter or amend the judgment, and plaintiffs oppose.

## II. Standard

A district court has wide discretion when considering a Rule 59(e) motion to amend a judgment. <u>Turner v. Burlington Northern Santa Fe R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003). Reconsideration under Rule 59(e) is appropriate if "the district

3

court (1) is presented with newly considered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Ord v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

### III. Analysis

Defendant requests alteration of the judgment on two bases. First, defendant objects to the court's conclusion that it was improper to include existing but unpermitted buoys as part of the baseline environmental conditions in the EIS. Second, defendant argues that the court should not have vacated the Amendments in their entirety. Defendants have not presented any new evidence, and do not argue that there is any intervening change in controlling law. The court assumes, therefore, that defendants are arguing that alteration or amendment is warranted because the court committed clear error, or that judgment was manifestly unjust.

**A. The court's conclusion regarding the baseline was not clearly erroneous nor manifestly unjust.**

The court acknowledges that whether or not to include existing but unpermitted buoys in the baseline for the EIS is a difficult question. However, the court's September 16, 2010 order thoroughly analyzed the issue, and defendants have not presented any new arguments against the court's conclusion in that order. The cases cited by the defendant on this point were discussed in the order, and were distinguished. Defendants argue that Communities for a Better Environment v. South Coast Air Quality Management District,

4

48 Cal. 4th 310 (2010) supports the proposition that the EIS for the Shorezone Amendments should use existing conditions, and not hypothetical ones as the baseline. As discussed in the prior order, Communities for a Better Environment was a state case decided under the California Environmental Quality Act ("CEQA"). That case involved an oil refinery that was permitted to operate all four of its boilers at maximum capacity, although no boiler actually operated at maximum capacity unless one of the other was shut down for maintenance. Id. at 322. The Court overturned an EIS that used the authorized limit, rather than the actual practice as the environmental baseline, holding that the use of "hypothetical allowable conditions as a baseline results in illusory comparisons." Id. The case at bar is distinguished from Communitites for a Better Environment. First, as noted, that case was decided under CEQA, while the instant case arises under the Compact. Second, the Compact's environmental protection goals go further than those of CEQA. As noted in the September 16, 2010 order, the Compact commands "TRPA to improve environmental quality, in some instances dramatically, by commanding setting and attaining environmental thresholds." Here, unlike in Communities for a Better Environment, use of the existing rather than the authorized, environmental conditions as a baseline would result in *less* environmental protection, not more. This case is the converse of Communities for a Better Environment.  Given the Compact's remediational goals, the court continues to conclude that the EIS's use of existing unpermitted buoys in the baseline was improper, and

that the conclusions based on that EIS were arbitrary and capricious.[1]

The defendant cites another state court CEQA case, <u>Fat v. County of Sacramento</u>, 97 Cal.App.4th (2002), also thoroughly addressed in this court's September 6, 2010 order. The court continues to conclude that <u>Fat</u> does not carry weight here, and further that the <u>Fat</u> opinion did not contain any holding as to whether 'sub silento' agency approval of existing unauthorized activity is in fact an agency action. Order at 27, ECF No. 118. Defendants have not raised any new arguments with respect to <u>Fat</u>.

**B. Vacation of the Amendments in their entirety was not clearly erroneous nor manifestly unjust.**

Defendant argues in its motion for reconsideration that the court should not have vacated the Amendments in their entirety, and defendant requests that the court amend its order to vacate "only the portions of the Amendments that authorize the permitting of boating facilities and allow the other portions of the Amendments to remain in place." Def.'s. Mot. at 12, ECF No. 122. Defendant claims that plaintiffs only challenged the portions of the Amendments dealing with permitting of boating facilities and that the court's remedy should have severed those challenged Amendments. Plaintiffs in turn argue that the defendants never requested such

---

[1] The court notes that even if the court were to determine that it was proper to include the unpermitted buoys in the baseline, the adopted Amendments, which allow for one-to-one replacement of the unpermitted buoys, would not meet TRPA's obligation to achieve and maintain the thresholds.

severance prior to the instant motion, and further that vacation of the Amendments as a whole was proper, given that passage of the Amendments relied on the EIS that the court held to be invalid.

The court agrees with the plaintiffs. The court's order vacated certification of the EIS, leaving no valid EIS on which the Amendments could be approved. The proper remedy in this case, therefore, was to set aside all of TRPA's actions that were based on the EIS which the court has found to be inadequate.

### IV. Conclusion

For the foregoing reasons, defendants Rule 59(e) motion, ECF No. 121 is DENIED.

IT IS SO ORDERED.

DATED:  November 23, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7